No. 8762.

### J. T. BOONE AND J. W. COCKERHAM, EXECUTORS, FOR USE, ETC., VS. MADISON CARROLL.

The authentic act of the ancestor cannot be attacked or contradicted on grounds of simulation or fraud, by simple heirs, but only by *forced heirs*, who, in order to be heard, must sue *as* forced heirs, and must allege and prove that the transaction attacked impairs their *legitime*, and that its annulment is essential for the enforcement thereof.

The plea of discussion urged by a third possessor in an hypothecary action is a dilatory exception and cannot be pleaded after default, or in an answer after plea to the merits.

The plea of confusion is disposed of by Pipes vs. Norsworthy, 25 An. 559.

The demand on the debtor, required as a condition precedent to the hypothecary action, is not required to be made judicially.

The third possessor cannot urge objections to the title of his own author.

APPEAL from the Tenth District Court, Parish of Red River. Logan, J.

---

*J. F. Pierson* for Plaintiffs and Appellees :

The plea of discussion is a dilatory plea. State vs. Bradley, Administrator, 1 An. 643; Dwight vs. Linton, 3 Rob. 57.

It cannot be allowed after issue joined by default. C. P. 333.

In relation to improper pleas in the defendant's answer, the better practice is to object on the trial to any testimony to support such pleas. 21 An. 272; 20 An. 194; 3 Rob. 365.

The plea of discussion should be overruled where there is no actual tender of any specific sum to meet the expenses of discussion. C. C. 3403, 3047; Robechot vs. Folse, 11 L. 136; 7 An. 142; 22 An. 42; 18 An. 652.

The property pointed out for discussion must be property in the possession of the principal debtor. Womack vs. Fluker, 13 An. 196.

A general mortgage is not extinguished by confusion on one lot of lands, because the mortgagor bought another lot of lands subject to the same mortgage. Confusion of the mortgage will only exist as to the lot of lands bought by the mortgagor. Pipes vs. Norsworthy, 25 An. 559.

A mortgagee who has acquired his right of mortgage upon the faith of the public records, which show an ostensible and valid title at the time in the mortgagor, will not be affected or impaired in his mortgage right by proof of latent or secret nullities, or invalidities in the title under which he acquired his right of mortgage. Hunter vs. Buckner & Bro., 29 An. 609; Foster vs Foster, 11 L. 408; Stockton vs. Craddick, 4 An. 285; Bach vs. Abbott, 16 An. 437; Brusle vs Hamilton, 26 An. 145

The right of mortgage under the husband is not affected by the subsequent discovery of the fact that the property subject to the mortgage had been erroneously adjudicated to him as community, when, in fact, it was the separate property of the deceased wife's succession. Fontelet vs. Murrell, 9 L. 298; Adams vs. N. O. Towboat Co., 11 L. 48.

Under C. C. 2236 the heirs claiming by inheritance are estopped by the deed of their deceased ancestor, unless they plead and show that the deed is in fraud or disparagement of their légitime. 27 An. 266; 12 An. 684, 759; 9 R. 29; 18 An. 51; 6 An. 494; 16 An. 344.

Where there is no allegation that the deed is in fraud or disparagement of their légitime, the heirs will not be permitted to prove such facts. 15 An. 618; 24 An. 159; Hen. Dig., p. 1155, No. 3, and authorities there cited.

No one will be permitted to attack the title to property under which he holds, nor the title of his authors. 25 An. 558; 10 An. 327; 5 An. 677; 1 Rob. 369; 8 L. 239; 2 L. 213.

*L. B. Watkins* for Defendant and Appellant.

*M. S. Jones* for the Syndic, Intervenor and Appellee:

1. A party cannot allege the nullity of the title under which he holds. Girault vs. Zuntz, 15 An 684; Verret's Heirs vs. Candole, 4 N. S. 402, and authorities cited; 2 L. 213; 1 R. 369; 5 An. 677; 1 N. S 577; 4 An. 250; 8 L. 239.

2. Neither plaintiff nor defendant can deny the title of their common author. 15 An. 684; 8 L. 239.

3. The defendant, Carroll, having expressly recognized the title of Scheen by purchasing from him under it, will not be heard to controvert its validity. Ross & Addison vs. Pritchard, 15 An. 531, 140, 684.

4. The demand of an intervenor must relate to and grow out of the principal action; otherwise it will be dismissed. A party cannot, by an intervention, change a hypothecary into a petitory or possessory action. "His right is limited to the suit pending; to see that it is legally and correctly decided," as to the matters at issue between plaintiff and defendant, which will or may affect his rights; and to these exclusively. C. P. 328; 2 An. 462; Carraby vs. Morgan, 5 N. S. 501; 26 An. 141; 11 An. 612.

5. "A suit for the nullity of a judgment cannot be brought by way of intervention or third opposition. It must be brought in the ordinary form, by petition and citation." Woolfolk vs. Woolfolk, 30 An. 140.

The opinion of the Court was delivered by

FENNER, J.   The plaintiffs bring this hypothecary action against the defendant as third possessor of property acquired by him from J. H. Scheen, to subject the same to the payment of a judgment against Scheen, inscribed as a judicial mortgage against the property prior to its transfer to defendant.

C. Chaffe, as syndic of Lisso & Scheen, intervenes, as holder of the note of defendant given for the price of the property to J. H. Scheen, and secured by special mortgage and vendor's lien, asserting preference and priority over the judicial mortgage of plaintiffs.

Mrs. Verona E. Armistead and others intervene as heirs of Madison

Carroll, Sr., and in said capacity claim to be owners in indivision of four-fifths of the property in dispute, free from the mortgages of both the plaintiffs and Chaffe, syndic. They aver that the property belonged to their deceased father, Madison Carroll, Sr.; that it was transferred by him, in 1865, to their deceased mother, by a *dation en paiement*, in satisfaction of a judgment rendered in her favor against him, in a proceeding for separation of property; that said judgment and *dation* were invalid, null and void, because there was no indebtedness by their father to their mother and the same were mere simulations; that their mother, Mrs. E. A. Carroll, having thus no title to the property, none passed to J. H. Scheen, who acquired the same from her succession, and that, therefore, the mortgages placed by Scheen thereon were null and void.

The defendant, who is likewise an heir of Madison Carroll, Sr., in his answers, amongst other numerous defenses, sets up the nullity of Scheen's title and consequently of the mortgages as affecting this property, on the same grounds urged by the foregoing intervenors.

I. The claim of these intervenors and the last mentioned defense of Madison Carroll may be summarily disposed of.

The basis of the same is an assault upon the *dation en paiement* made by their father to their mother, by an authentic act. They do not allege that they are forced heirs of their father, or that their légitime was affected by the transfer aforesaid, nor is their action one to enforce their légitime. The exception of no cause of action was undoubtedly well taken.

They sue as simple heirs.

The Article 2236 Rev. C. C. expressly declares that " the authentic act is full proof of the agreement contained in it against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

We confess some surprise at the citation by counsel of the Succession of Tile, 7 An. p. 97, as authority to support the right of heirs to contest the verity and reality of the agreement contained in the authentic act of their ancestor. That decision simply construed the word *forgery* in Art. 2236 to cover certain other falsifications of the *authentic character* of the act; but the act itself being admitted to be genuinely *authentic*, that is, actually passed before a notary and two witnesses, there is no hint in that or any authority that the contracting parties or their heirs could contradict its contents.

The jurisprudence on this subject may now be considered as settled. In a very recent case, not yet reported, we said: " only creditors and *forced heirs* are excepted from this rule, and the latter only to the extent of their *légitime* and for the purpose of protecting the same.

Outside of the *légitime* they stand upon precisely the same footing with collateral heirs or universal legatees having no rights *against* the decedent but only rights derived from him, and which he himself, if living, might assert." We further said in that case, speaking of a *child* who attacked an authentic act of her ancestor: "it follows that Kate Kerwin has no right to attack the title and mortgage of her mother, except in her capacity as forced heir and to the extent necessary to establish her *légitime*. In the present suit she asserts no such rights, but appears as simple heir only." Kerwin vs. Hibernia Ins. Co., 35 An., not yet published.

We repose with confidence upon the correctness of that decision, and it is fatal to the claim and defense now under consideration.

Such assaults by children on the acts of their parents are not favorably considered, and must conform strictly to the requirements of law.

Other formidable objections to this pretension of intervenors and defendant exist and are urged; but we base our ruling on this ground because we have, so recently, had occasion to consider and establish the principle here relied on, after careful examination of authorities.

II. Amongst other defenses, defendant opposes to the judicial mortgage of plaintiffs the plea of discussion.

The plea is contained in an answer filed after default taken. It is disposed of by a very recent decision, where we held, on most careful consideration, that the plea of discussion, urged by the third possessor in an hypothecary action to enforce a judicial mortgage, is a dilatory exception and cannot be pleaded after default, and when so pleaded must be disregarded. Chaffe vs. Ludeling, 34 An. 962.

III. The plea of confusion of plaintiffs' mortgage by reason of the fact that M. A. Cockerham, for whose use plaintiffs sue, is owner of property under title from J. H. Scheen, subject to plaintiffs' judicial mortgage, and acquired since defendant acquired his title, is disposed of by the authority of Pipes vs. Norsworthy, 25 An. 559.

IV. The objection to the want of demand on the judgment debtor is unfounded. The evidence establishes timely demand both on Scheen, before his surrender, and on his syndic afterwards. No law required him to make a *judicial* demand on the latter before suing. Gomez vs. Courcelle, 8 An. 304.

V. The objections to the title of Scheen, on grounds of non-payment of price to the succession of Mrs. E. A. Carroll, from which he bought, do not lie in the mouth of defendant, who derives his own title from Scheen. He is without interest, as well as without right, to urge them, as he claims nothing as heir of Mrs. E. A. Carroll.

We find no merit in any of the other defenses urged.

The controversy between plaintiffs and the intervening syndic, as to the rank of their respective mortgages, is waived by their agreement to submit to the judgment as rendered.

Judgment affirmed at appellants' costs.