(81 South. 371)

No. 21757.

ROBICHAUX v. BLOCK.

(March 3, 1919. Rehearing Denied March 31, 1919.)

*(Syllabus by Editorial Staff.)*

1. BILLS AND NOTES &#9758;335 — PURCHASER WITH NOTICE—TITLE—DEFENSES.

Where a note secured by mortgage was executed by defendant to M., who pledged it for a loan from a bank, and was past due when first seized on fi. fa. against M., and where plaintiff knew the facts before his purchase of note, and sought a personal judgment, after foreclosure of mortgage, his title was subject to all defendant's equities and defenses against M., and court was bound to view the case as if M. were suing on the note.

2. EVIDENCE &#9758;432 — PAROL EVIDENCE — WANT OF CONSIDERATION.

Under Negotiable Instruments Law, §§ 28, 54, parol evidence is always admissible to prove want of consideration as between the maker or payee, as well as the transferee of the payee after maturity.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Alfred M. Barbe, Judge.

Action by Eusebe Robichaux against Joseph L. Block. Judgment for defendant, and plaintiff appeals. Affirmed.

Emmet Alpha, of Franklin, and Chappuis & Chappuis, of Crowley, for appellant.

W. E. Gorham, of Jennings, C. J. Boatner, of Franklin, Miller & Toomer, of Lake Charles, and Modisette & Adams, of Jennings, for appellee.

DAWKINS, J. This is a suit upon a promissory note for the sum of $7,750, formerly secured by mortgage upon real property. The mortgaged property having been sold, and the proceeds applied pro tanto upon the note, the plaintiff seeks a personal judgment against defendant, maker thereof, for the balance of the face of the note, interest and attorney's fees.

The answer admits the signature, as well as the execution of the mortgage, but otherwise pleads, in effect, a want of consideration as to defendant's personal liability, in that the note and mortgage were signed and executed by him for the purpose of enabling his father-in-law, J. Sully Martel, to borrow the sum of $3,500 from the St. Mary Bank & Trust Company upon said property, and with the understanding between all parties, including said bank, that defendant should in no wise be responsible beyond the value of said property; that plaintiff is an employé of said bank, and acquired said note after maturity with full knowledge of said facts; that the property has been sold, and the debt for which the note was pledged fully satisfied; and that plaintiff paid nothing therefor.

Defendant also attempted to call the St. Mary Bank & Trust Company in warranty, but the call was dismissed upon exception.

There was judgment for defendant below, and plaintiff has appealed.

The Facts.

The record fairly shows the following state of facts, to wit:

On or about May 6, 1912, one J. Sully Martel, who is the father-in-law of defendant,

made the latter a deed to certain property in the parish of St. Mary for the price of $7,750, entirely on terms of credit, and represented by the note of said defendant for the said amount, due January 10, 1913, and secured by vendor's lien and special mortgage upon said property, said note bearing 8 per cent. per annum interest and stipulating 10 per cent. attorney's fees. Defendant never took physical possession of the property. Martel never intended to sell and defendant never intended to buy, but the act and note in question were executed for the purpose of enabling Martel to borrow from the St. Mary Bank & Trust Company the sum of $3,500, which was accordingly done; the bank having full knowledge of the purposes for which the transaction was executed and acquiescing therein. The note sued on herein was attached to one signed by Martel for the said sum of $3,500, dated May 7, 1912, and due 90 days after date. Thereafter Martel made payments on his said note, which, on February 14, 1913, had reduced it to the sum of $2,885.52, and at which time he renewed the obligation to the bank for that amount for a period of 90 days.

On April 9, 1913, the note sued on herein, held as collateral by the St. Mary Bank & Trust Company, as aforesaid, was seized in the hands of the bank under a writ of fi. fa. sued out in the suit of Whitney Supply Company v. Hymalaya Planting & Manufacturing Co. et al., in which Martel was one of the defendants, as the property of Martel. A rule was then taken by the plaintiff in writ upon the bank, Martel, and defendant herein to show cause why the mortgage note should not be surrendered for sale subject to the rights of the bank. Defendant, who resided in Jennings, La., made no appearance, and, after hearing, the note was ordered sold. It was accordingly advertised for sale, and defendant Block, prior to the day of sale, filed a petition of intervention and third opposition against the sale, alleging substantially the same state of facts as to the origin and purpose of the mortgage note as are now set up in defense. Copy of this petition was served on the sheriff, and in addition counsel for Block wrote a letter to the sheriff along the same lines. The note was not sold on June 7, 1913, as first advertised, because, according to the sheriff's returns, of instructions from counsel for plaintiff in writ, and the original was returned and a copy retained according to law. Later, the note was again advertised for sale on August 16, 1913, and on that day, according to the returns, the sheriff read the petition of intervention and third opposition of defendant, Block, together with the letter of his attorney above mentioned, to all the bystanders, and, after proper offering, the note sued on herein was bought in by plaintiff, Robichaux, for the sum of $3,200. The sheriff then seems to have held the matter in abeyance, pending the outcome of plaintiff's opposition, and that having been subsequently dismissed, and no appeal being taken, the sheriff made his final return, showing, after the payment of the debt to the bank and all costs, a balance of $26, which was credited on the writ in the case of Whitney Supply Co. v. Hymalaya Pltg. & Mfg. Co. et al., and the writ was returned finally on February 2, 1914.

On February 12, 1914, plaintiff sued out executory process on the mortgage note herein, executed by defendant as aforesaid, and which had been purchased by plaintiff, seized and advertised the mortgage premises for sale. April 11, 1914, Martel, who was the original holder and pledgor of the note to the St. Mary Bank & Trust Company, filed a petition of intervention and third opposition in the foreclosure proceedings, attacking the sheriff's sale of the note, claiming the ownership thereof, and enjoining plaintiff therein from "taking any further proceedings in the suit to foreclose (Robichaux v. Block) and

from in any manner disposing of said note until the further orders of the court."

On July 20, 1914, a writ of fi. fa. was issued on a judgment in the case of Bank of Baldwin v. J. Sully Martel, obtained in St. Mary parish, and all the title and interest of J. Sully Martel in the intervention and third opposition to the foreclosure proceedings mentioned in the preceding paragraph of this opinion was seized as the property of Martel. The interest in said suit was accordingly advertised for sale on August 8, 1914, and at the sale bought in by plaintiff herein, Robichaux, for the sum of $100.

Plaintiff, having thus become the owner of the rights of Martel in the intervention, and having purchased the note at sheriff's sale, again had the mortgaged property advertised for sale on March 20, 1915, and on that date bought it in for the price of $3,000. After deduction of costs, a net credit of $2,780 was placed on the note. Plaintiff's petition admits further credits, amounting to $204, and making a total of $2,984.

## Opinion.

On the trial plaintiff made the following objections to testimony offered for the purpose of showing the facts as above outlined, to wit:

"(1) That the sale and mortgage are in writing, and their terms cannot be varied by oral evidence.

"(2) That because of a sale by defendant of a portion of the property to a railroad company, wherein he declared himself the owner of the remainder, he is estopped.

"(3) Because plaintiff holds title to the note as adjudicatee at a public sale in the seizure of the Whitney Supply Co. v. Martel, which is herein collaterally attacked, when the seizing creditor and seizing debtor have not been made parties to the suit.

"(4) Because a judgment was rendered by another court contradictorily against the St. Mary Bank, J. S. Martel, and the defendant in this suit, in a rule provoked by the Whitney Supply Company, to show cause why the note in contest should not be surrendered by the bank to the sheriff to be sold, which judgment was final, and cannot be collaterally attacked, and is res judicata.

"(5) Because in any case to reform a sale all parties to the act thus sought to be affected are necessary parties to the suit, and because the Whitney Supply Company, the execution creditor, and J. S. Martel, the seized debtor, have not been made parties to this suit."

We may concede that all of the above objections are good in a proper case, but, as will be seen from the discussion hereafter, they have no application to the issue upon which this case must turn.

[1] The note sued upon herein was already past due when the first seizure in the case of Whitney Supply Co. v. Hymalaya Planting & Manufacturing Co. et al. was made, and all of the facts and circumstances surrounding the transaction from the beginning were fully made known to plaintiff prior to and at the time of his purchase of the note sued on. He therefore took only such title as was owned by J. Sully Martel, to whom the note belonged, and who had pledged it to the bank, and subject to all of the equities and defenses which defendant, Block, could have urged against Martel. Plaintiff was not a transferee, even, of the St. Mary Bank & Trust Company; for its rights in the note were not conveyed, either by private or public transfer. The note was simply seized by a third person and sold as the property of Martel, and under its pledge the bank was paid sufficient of the proceeds to discharge the debt. To the extent of the amount due by Martel to the bank it was a subsisting valid debt as against the property, but all that the bank, even, could demand, was the payment of its debt. Had the plaintiff acquired from the bank after maturity and with full knowledge of the facts, as was the case in his purchase at sheriff's sale, we do not think his situation would have been any better.

[2] It is not the method of acquiring the note, but the nature of the title acquired by

plaintiff which is attacked. We think the issue is purely one of want of consideration on the part of defendant, Block, and for the purposes of this case, and as a matter of law, we are bound to view the matter from the same standpoint as if Martel were himself suing upon the note. It is not a question of reforming the mortgage or annulling the sheriff's sale, but merely of determining whether or not there was a consideration flowing from Block to Martel, in whose shoes plaintiff stands. Parol evidence is always admissible to prove want of consideration, as between the maker or payee, as well as the transferee of the payee after maturity. Neg. Inst. Law (Act No. 64 of 1904, p. 147) §§ 28, 54, and 58; 3 R. C. L. p. 943 et seq., § 139, and authorities cited.

From an equitable standpoint, plaintiff is out little or nothing in the entire transaction, and it is largely a case of demanding his "pound of flesh."

For the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.

O'NIELL, J., is recused.