OVERTON, J.
 

 This is an appeal from a judgment sustaining exceptions of no cause of action, and prematurity, directed against a petition, filed by Numa E. Hannagriffe, in behalf of his five minor children, the particular legatees of Miss Julia Moreira, deceased, against Mrs. Edna Konrad Gaudet, individually, and as testamentary executrix of the last will and testament of Miss Moreira. The petition dismissed prays for judgment, declaring a note and mortgage, for the sum of $25,000, executed by Miss Moreira in favor of Mrs. Gaudet, on August 8,1927, nearly three years prior to the death of the testatrix, to be simulated and fraudulent, and that the note and mortgage be canceled,, and the testamentary executrix ordered to deliver the property, bequeathed to said minors, to their father, free from the mortgage, for their benefit, as also the revenues produced therefrom, from the date of the death of the testatrix.
 

 The petition shows that Miss Moreira, the maternal aunt of the five minor children, died at her residence, in the city of New Orleans, on May 1,1930, leaving a last will and testament, bequeathing to the grandchildren of her half brother, William Sehwan, of Centreville, La., the property No. 1827 Canal street, and the. ad joining vacant lot, together with the furniture and all other contents of the premises, to be divided among them, share
 
 *536
 
 and share alike. She made Mrs. Gaudet, the holder of the note and mortgage, her testamentary executrix, as appears from the petition.
 

 The petition also shows that Mrs. Gaudet, individually, pretends to be the owner of the promissory note for $25,000, sought to be declared void, dated August 8, 1927, made by Miss Moreira to the order 'of Mrs. Gaudet, payable on or before two years after date, with interest at 8 per cent from date, secured by a pretended mortgage, by notarial act, executed by Miss Moreira, on the date of the note, on the real property willed by her to said minors, the mortgage being recorded in the mortgage records.
 

 The petition shows that the note and mortgage are simulated and fraudulent. It is alleged that Miss Moreira, after their execution, in order to give them the color of validity, went through the form of transferring them to Mrs. Gaudet by giving her the sum of $25,000, which Mrs. Gaudet deposited in bank, and immediately thereafter withdrew the money by giving Miss Moreira her check on the same bank for $25,000, as the alleged purchase price of the note, both intending the note and mortgage to be mere simulations and shams, made without consideration, and solely for the purpose of preventing William Schwan, the half-brother of Miss Moreira, from asserting any claim against the property.
 

 The petition also shows that.Mrs.-Gaudet, in now claiming and pretending to be the owner of the note and mortgage, is doing so fraudulently, and that her claims and pretenses are in legal and moral fraud of the rights of said minors, who are the owners of the property, by reason of the bequest, on which the alleged, mortgage bears.
 

 Our brother below sustained the exception of no cause of action on the ground that it is clear that the testatrix saw proper to bequeath the property, by particular title, to her grand nephews and nieces, burdened with the mortgage, and that, if they are not satisfied with the legacy, they should reject it, and, if they are satisfied with it, they must take it as they find it.
 

 The only claim that the minors have to the property, left them, is derived from the will. The mortgage is not mentioned in that document. It does not follow, however, that the testatrix willed the property to the minors, subject to the mortgage, which, as appears from the petition, is a mere sham. The only sense in which it may be said that the propertv( fell to the minors, burdened with the mortgage, is that the alleged simulated mortgage was apparently operating against the property at the moment of the death of the testatrix, and probably at the time the will was written. It does 'not follow from this, however, that the testatrix intended that it should ever be paid or realized out of the property. All that follows is that she died without having the mortgage canceled, and the note returned to her. Under these circumstances, the question is presented whether the minors have the right to have the note and mortgage declared simulations, and as such annulled.
 

 We think that the minors have that right. It would seem to be certain from the allegations of the petition that Mrs. Gaudet is treating the note as a valid obligation against the property, and that, unless the minors succeed in annulling it as a simulation, they will either have to pay it or the mortgage will be foreclosed to satisfy the obligation. Hence, the minors have an interest in having the simulation declared. They have a right to have it declared, under the facts alleged, for the note having been executed and delivered without consideration, and with no intention that the execution and delivery should have any legal
 
 *538
 
 effect whatever, the transaction was a mere simulation, and an attempt to enforce collection of the note would operate as a fraudulent act. We think that the testatrix, if living, would have the right to show that the note was simulated and therefore without consideration, and that the minors have the same right, as an incident of the bequest, passing to them, for the purpose of protecting the bequest. Of. Boone v. Carroll, 35 La. Ann. 281; Kerwin v. Hibernia Insurance Co., 35 La. Ann. 33.
 

 It is urged by Mrs. Gaudet that the minors do not allege that there is a counter letter in existence, showing the simulation, or that interrogatories on facts and articles have been propounded to her for the purpose of showing the truth of the allegations of simulation, thereby supplying the place of written evidence, and that the simulation cannot be shown by parol evidence, and hence that the petition does not disclose a cause of action. Suffice it to say that we are dealing with a note and a mortgage securing the note. The mortgage is an accessory of the note. The moment the note falls, the mortgage falls, for an accessory cannot exist without a principal Chapman v. Citizens’ Bank of Louisiana, 33 La. Ann. 395. It is well recognized that parol evidence is admissible to show that a promissory note was executed and delivered without consideration. A note without consideration to support it is in the same category as is what is here termed a simulated note. As stated, with the fall of the note the mortgage falls. Had Mrs. Gaudet delivered the legacy,' and then attempted to foreclose the mortgage, she could have -been successfully met with a plea of want of consideration in the principal obligation. The minors had the right to anticipate such action by Miss Moreira, and sue to annul the note and the mortgage as simulations.
 

 We have examined the authorities cited by-Mrs. Gaudet to show that the minors are with-put right, as legatees, to attack the simulated contracts of the testatrix, but do not find them pertinent to a case such as the present.
 

 The exception of prematurity is not discussed in the briefs, and is not well founded.
 

 The judgment, appealed from, is set aside, the exceptions of no cause of action and of prematurity are overruled, and the case is remanded to the lower court to be proceeded with according to law, Mrs. Gaudet to pay the costs of this appeal, the remaining costs to abide the final decision of the case.