ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff’s application for rehearing argues that he did object, by earlier objection to all parol evidence, to being asked whether he had in fact loaned the money at the time of the act of mortgage. Without agreeing that his general objection applied to this question, we observe that, unlike parol to vary the terms of a written contract, a mortgagee’s own oral evidence denying the contract’s recital that money was loaned is not so easily excludible on his own objection, being comparable to a counter-letter, La. C.C. 2239, or similar evidence in answer to written pre-trial interrogatories, Newman v. Shelly, 1884, 36 La.Ann. 100; Jones v. Jones, 1948, 215 La. 50, 36 So.2d 635.
Parol evidence is admissible to prove a defense of want of consideration in a suit upon a note, La. R.S. 10:3-306 and 408, including a mortgage note, Parker v. Broas, 1868, 20 La.Ann. 167; Robichaux v. Block, 1919, 144 La. 859, 81 So. 371; Succession of Moreira, 1931, 172 La. 533, 134 So. 697.[1] Mortgage itself is only an “accessory to a principal obligation,” C.C. 3284, and “when the principal obligation is void, the mortgage is likewise so,” C.C. 3285. “Foreclosure” or “execution” of a mortgage securing a note paraphed for identification with the mortgage is, in essence, a suit upon the paraphed note, and the note is governed by R.S. 10:3-306 and 408.
Had plaintiff’s testimony been that the contractual recital was correct, that he did lend the money at the time of signing the contract, then he might have urged that contractual recital and argued the inadmissibility of defendant’s contrary testimony. But once he concedes in open court, albeit orally,[2] that the contractual recital is wrong, we, like the Supreme Court in Berthole v. Mace, La. 1818, 5 Mart. 576, 596, are unable to ignore the conceded reality: “If, when the parties are at issue on the simulation of an act, the party who claims the execution of it, introduces parol evidence of its simulation, will the court shut their ears?”
Application denied.

. Moreira is especially parallel to this case in that the legatees (not forced heirs protected by C.C. 2239) of the mortgagor alleged, as the reason for the mortgagor’s having signed the note and mortgage, a fraud in which the mortgagor participated; and they also alleged the fraud of the mortgagee in attempting to enforce the sham note and mortgage.

. Even a confession of judgment may be made orally in open court, Martin v. Holzer Sheet M. Wks., La. 1979, 376 So.2d 500.