WARD, Judge.
This action arose when Mr. M.E. Vallaire initiated executory process to foreclose on a $20,000.00 promissory note secured by a second mortgage. Miss Dorothy S. Lee answered and asked for a preliminary injunction to stop the seizure and sale of the mortgaged property, her home. Mr. Val-laire does not claim to be a holder in due course; he is merely a transferee of the note, and he has instituted this lawsuit for the convenience of his friend, the original holder of the note, Bernard Leehans, Jr., for reasons that became obvious in the trial of this lawsuit.
The suit was tried on December 4, 1981, and on January 14, 1982, the Trial Judge rendered judgment for Mr. Vallaire, but only for $5,000.00,. not $20,000.00 as he had claimed. Mr. Vallaire has appealed and claims that the Trial Judge erred when he awarded judgment for less than the full amount. Miss Lee has answered the appeal and claims that the Trial Judge erred when *1082 he awarded Vallaire $5,000.00. She contends that Mr. Vallaire is not entitled to any amount because there was never any consideration given for the note.
Some facts are not in dispute. The real parties at interest in this lawsuit are Dorothy S. Lee and Bernard C. Lee-hans, Jr., not M.E. Vallaire, Jr. Mr. Lee-hans did not want to initiate this foreclosure because Miss Lee and he had been intimate friends for a number of years. To avoid the notoriety of suing his intimate friend of nine years, he prevailed upon Mr. Vallaire to act as plaintiff, and he transferred this note to him. Obviously, Mr. Val-laire is not a holder in due course; he acquired only the rights Mr. Leehans possessed and is subject to all defenses that Miss Lee could raise against Mr. Leehans. LSA-R.S. 10:3-306. The defense that Miss Lee would maintain against Mr. Leehans, and now maintains against Mr. Vallaire, is a lack of any consideration that is recognized by law.
As we have said, this suit is for foreclosure of a mortgage on Miss Lee’s home, a home that she purchased from Mr. and Mrs. Leehans. The interesting facts surrounding the purchase began in May of 1978, when Mr. Leehans and his wife, Sandra, purchased a piece of property on Dodt Street in the City of New Orleans. Unknown to his wife, Mr. Leehans, a contractor, planned to construct a house there and to sell the house and lot to Miss Lee. He had plans and specifications drawn, and both he and Miss Lee worked on parts of the construction.
In July, 1979, in anticipation of the Act of Sale, the attorney for Mr. Leehans sent him this letter:
In accordance with your instructions, I have prepared another Power of Attorney, this one relating to the sale of the Dodt Street property. It is my understanding that-Sandra [Mrs. Leehans] desires to execute this so that she will not have to accompany you to the sale.

Lastly, I am enclosing herewith the form which we propose to use for a Mortgage to be executed by Dorothy Lee in your favor upon the Dodt Street property. Please note that I have not yet included the amount of the Mortgage as I understand you will not know this until shortly before closing. Please advise me when you wish to have this executed.
In September, 1979, when the house was nearing completion, the property was appraised at $52,000.00, and at $53,500.00 when completed. After the house was built, Miss Lee obtained a first mortgage of $28,000.00 from a bank, and by an Act of Sale dated December 7, 1979, Miss Lee purchased the house and lot from Mr. and Mrs. Leehans for a purchase price of $35,000.00, the appraisals notwithstanding. The $28,-000.00 proceeds from the first mortgage were given to Mr. Leehans.
The facts surrounding the second mortgage began August 15,1980, when Miss Lee signed the $20,000.00 note and a second mortgage in favor of Mr. Leehans in the office of Mr. Leehan’s attorney. The note and mortgage were part of a series of agreements between Miss Lee and Mr. Lee-hans. Immediately after executing the note and mortgage, Miss Lee made her last will and testament leaving the disposable portion of her estate to Mr. Leehans. Contemporaneously, Mr. Leehans instructed his attorney that in the event of his death, the promissory note, which did not specify any payment terms, should be marked paid and returned to Miss Lee.
These agreements became unsatisfactory when the relationship between Mr. Leehans and Miss Lee ended sometime in 1980. Months later, on November 16, 1980, Mr. Leehans wrote this letter:
Dear Ms. Lee:
I am writing you this letter since all verbal attempts to reach a mutually beneficial agreement concerning the house located at 4420 Dodt Ave. have failed. However if you should decide you would like to discuss settlement of this matter so it would be beneficial to both of us, please do not hesitate to contact me.
*1083 I would also like to say I am writing this letter with reluctance, but I feel it is necessary to protect my interest. Please consider this letter as a formal demand for payment on the note and mortgage which I hold on the abovementioned house and property. If I have not heard from you, concerning this matter within 10 days I will have no choice but to take necessary steps to protect my interest.
Mr. Leehan’s next step was on March 19, 1981, when he transferred the $20,000.00 note to Mr. Vallaire for collection to avoid any “hassle” because of his relationship with Miss Lee.
In this appeal, Mr. Vallaire, substituting for Mr. Leehans and arguing his case, claims that the Trial Court erred in not rendering judgment for the full amount of the note, and he insists that the note was issued for a lawful consideration. In spite of the fact that the purchase price listed in the act of sale is $35,000.00, counsel for Mr. Vallaire now argues that Miss Lee agreed to buy the house at the appraised value of $53,500.00 and that the note for $20,000.00 and the second mortgage represented the approximate difference between the $28,-000.00 obtained from the first mortgage and the purchase price.
Even Mr. Leehans did not agree with this argument, and although he testified that $20,000.00 was owed, he arrived at that amount by different calculations, using a different purchase price, and for good measure, throwing in the price of some furniture he had bought for Miss Lee. He admitted, however, that Miss Lee had contributed some cash and that she had worked and assisted in building the house. More importantly, he testified that he had not had to borrow to pay for the cost of the building supplies. Although he testified that his costs exceeded $28,000.00, he could not produce invoices, receipts, or any documentary evidence to substantiate his contention. Additionally, from the date of sale December 7, 1979, until the execution of the second mortgage, August 15, 1980, he had done nothing to secure or protect the additional interest which he now claims.
Miss Lee argues first that there was never any consideration given in exchange for the note, and second, that there was no evidence to show any amount due for un-reimbursed costs now claimed by Mr. Lee-hans as partial consideration for the note. She testified that the $20,000.00 note and second mortgage were given to Mr. Leehans so that he could, through foreclosure, obtain the house in preference to any forced heir claims by her mother. She also described how she drafted her will, leaving the disposable portion of her estate to him, and how, when the note was signed, Mr. Leehans instructed his attorney to return the note to her marked paid if he should die first, so that it would not become part of his estate and, consequently, his heirs would not become owners of the note and mortgage.
We believe that the ultimate question is one of credibility, and the presence or absence of consideration may be proven by parol evidence, Laspopoulos v. Earl, 376 So.2d 965 (La.App. 4th Cir.1979). The Court there noted:
Parol evidence is admissible to prove a defense of want of consideration in a suit upon a note, La.R.S. 10:3-306 and 408, including a mortgage note, Parker v. Broas, 1868, 20 La.Ann. 167; Robichaux v. Block, 1919, 144 La. 859, 81 So. 371; Succession of Moreira, 1931, 172 La. 533, 134 So. 697. Mortgage itself is only an “accessory to a principal obligation,” C.C. 3284, and “when the principal obligation is void, the mortgage is likewise so,” C.C. 3285. “Foreclosure” or “execution” of a mortgage securing a note paraphared for identification with the mortgage is, in essence, a suit upon the paraphed note, and the note is governed by R.S. 10:3-306 and 408.
In the instant case, we believe, as the Trial Court did: the consideration recited in the $20,000.00 note was not exchanged, and the note did not represent an actual obligation of Miss Lee to Mr. Lee-hans. The amount of the note represented nothing more than the approximate difference between Mr. Leehans’s costs and the appraised value of the house, and the note *1084 was given for reasons other than to secure a debt. We do not believe that at the time the note was confected, Mr. Leehans intended to collect the difference from Miss Lee. Mr. Leehans only acted to collect on the note after his personal relationship with Miss Lee fell apart. Rather, the note was a mere subterfuge to avoid forced heirship rights of Miss Lee’s mother[1], so that her mother would never reap any benefit of the difference between the balance on the first mortgage and the actual value of the house. The note was originally intended only to create a claim on the house in Mr. Leehans’s favor should Miss Lee predecease him, a claim which he could perfect by foreclosure to recover the equity that existed. Their relationship, Miss Lee’s will in favor of Mr. Leehans, and Mr. Leehans’s instructions to his attorney to mark the note paid if he died first all support this conclusion.
The Trial Judge awarded $5,000.00 to Mr. Leehans, believing that he had incurred costs which exceeded proceeds from the first mortgage. We reverse this part of his judgment. We do not agree with the Trial Judge that partial consideration was owed for the note because, as we have explained, the note was a subterfuge and not intended to secure a debt. Moreover, we do not believe that Mr. Leehans proved any unpaid costs. He received $28,000.00 from the first mortgage proceeds which he used to pay cost of construction, and although he testified that there were additional costs, his testimony was questionable and uncorroborated, and he could not produce invoices, statements, receipts, or can-celled checks to prove them. Moreover, part of the difference in the loan amount and the value of the property may be attributable to Miss Lee who contributed time, effort, and cash to the construction. Hence, we find the Trial Court erred when he held that additional costs were owed by Miss Lee.
Therefore, we amend the judgment to accord with the petition of Miss Lee and to issue a permanent injunction against Mr. Yallaire and Mr. Leehans, prohibiting foreclosure on the note and mortgage. We also hold the note is null and, further, order the note cancelled by the Trial Court. We reverse that part of the judgment which awarded $5,000.00 to Mr. Vallaire.
All costs of trial and this appeal are to be paid by M.E. Yallaire.

. The will was drafted before Act 442 of 1981 repealed forced heirship of parents.