## No. 8760.

KATIE NEWMAN, WIDOW SHELLY ET AL. VS. M. SHELLY, SR.

An appeal will not be dismissed on the ground of incompleteness of the transcript, where the omission consists in testimony taken after the judgment appealed from, on a rule for execution and the judgment dismissing such rule is not brought up for review.

Katie Newman, Widow Shelly et al. vs. M. Shelly, Sr.

Even parties to authentic acts and their privies have the right to contradict recitals therein by an appeal to the conscience of opposing party by means of interrogatories on facts and articles; and answers to such interrogatories confessing the falsity of such recitals are not parol evidence and have all the effect of a counter-letter.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*J. Ad. Rozier* for Plaintiff and Appellee.

*Chas. S. Rice* and *L. L. Levy* for Defendant and Appellant.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The plaintiff and appellee moves a dismissal of the appeal herein,

1. Because the transcript is incomplete by the fault of the appellant.

2. Because the lower court erred in denying a rule for the dismissal of the appeal.

### I.

The alleged deficiency in the transcript consists in the omission therefrom of the evidence *received* on the trial of a rule to dismiss the appeal taken from the judgment brought up for review.

It was unnecessary to include that evidence in the record, for the reason that it was taken *after* the rendition of the judgment appealed from, and that the judgment of the lower court overruling the motion to dismiss the appeal is not before us for revision.

That evidence, even if included, could not serve in determining whether the judgment on the merits, which is that appealed from, was or not correctly rendered.

### II.

The appellee cannot ask this Court to revise the judgment of the lower court refusing the rule to dismiss the appeal, as no appeal was taken therefrom. Neither can the same motion be renewed here. 9 L. 579; 16 A. 192; 21 A. 114; 32 A. 816, 1135.

The motion to dismiss is denied.

### ON THE MERITS.

FENNER, J. The plaintiff, tutrix, avers that her minor child is the sole heir of her father, Michael Shelly, Jr.; that, prior to his death, the latter had sold, by authentic act, to his father, the present defendant, certain properties for the price of $4500; that, though said authentic act contained a clause acknowledging receipt of the price by

the vendor, yet the same had never been paid and was still due; and that, as sole heir, she was entitled to demand and recover the same and prayed judgment accordingly.

We discard averments which, in our view of the case, we deem immaterial.

The defendant filed an exception of no cause of action which, by consent, was referred to the merits. He then filed a general denial. Plaintiff propounded interrogatories on facts and articles to defendant, probing his conscience as to the fact whether or not the price had been paid.

The defendant objected to the interrogatories on the grounds:

1. "That the consideration for and reality of the sale in question cannot be inquired into as between the parties thereto and their privies."

2. "If admitted at all, then that the effect of said testimony must be confined to the rights of the minor, as forced heir in respect to his *légitime* only."

Under reserve of these objections, the defendant, in answering the interrogatories, confessed that the price had not been paid, and then proceeded to qualify his confession by a statement that no payment of the price was intended, but that the sale was a mere simulation entered into for purposes needless to mention, but excluding the idea that even a donation was intended.

There is no question of forced heirship in this case. The right of parties to authentic acts, and their privies to contradict their recitals as to payment of price and to establish their simulation, etc., by means of the answers of the other party to interrogatories on facts and articles, is fully recognized by the authorities. Such answers have all the effect of a counter-letter. Hewlett vs. Henderson, 9 Rob. 379; Semeré vs. Semeré, 10 A. 704; Forrest vs. Shores, 11 La. 418; Succession Thomas, 12 Rob. 215.

The authorities quoted by counsel (12 A. 684, 789; 15 A. 142; 9 Rob. 29; 27 A. 267) apply to other modes of attack. The last one quoted, after stating the rule laid down by those authorities, proceeds to say: "As the ancestor of defendant, however, could have shown the simulation of the sale by a counter-letter, or by interrogatories on facts and articles addressed to plaintiff, the defendants, his heirs, have the same right." Tesson vs. Gusman, 27 A. 266.

The only serious question in the case is, whether, having thus legally established that the stipulated price had not been paid, plaintiff is entitled to recover it; or whether, under defendant's statement that the

sale was a pure simulation, she should be remitted to an action to recover the property.

Undoubtedly, on this state of facts, under proper pleadings, the action for the *price* might have been defeated. But, by his simple answer of general denial, defendant has accepted the issue tendered by the plaintiff, as to the payment of the price and has relied upon the legal inability of plaintiff to assert or prove the non-payment. Defeated on this issue, he cannot be heard to say, "true, the price was never paid, but the sale was simulated, the price was never due and, therefore, you cannot recover." Such defense would have been in the nature of a plea of confession and avoidance requiring to be specially pleaded.

It would have involved the necessity of an offer to surrender the property and its fruits, which has never been made. Defendant, while witholding the property, cannot dispute his liability for the price. It appears, moreover, that he has alienated a portion of the property.

If he shall suffer hardship, which, however, is not suggested, his own action is to blame for it.

Judgment affirmed.