McCALEB, Justice.
 

 This is a suit for the dissolution of a sale o’f real estate for non-payment of the price, as authorized by Article 2561 of the Civil. Code. The property involved is 380' acres of land situated in the Parish of East Carroll which was owned in indivisión by Mrs. Leona N. Jones and her seven children. During October 1941, plaintiffs, Mrs. Jones and six of her children, sold to the defendant, Clifford Tunley Jones, a son and brother respectively, their interest in the 380 acres for a stated consideration of $3557.15 “cash in hand paid unto them at the execution hereof by the said Clifford Tunley Jones, as follows:
 
 *
 
 *
 
 *
 
 the receipt of which said respective sums and the composite amount thereof is hereby expressly acknowledged and full acquittance granted therefor by each of said named vendors * *
 

 
 *53
 
 Alleging that, despite repeated requests on numerous occasions, defendant has never paid the purchase price of $3557.15 or any part thereof, plaintiffs sued to have the sale cancelled and rescinded and annexed to their petition interrogatories on facts and articles.
 

 The defendant interposed an exception of no right or cause of action to the petition which was referred to the merits of the case by agreement of counsel. Thereafter, he filed answer resisting the demand and asserted that he gave full consideration for the land. At the same time, he answered the interrogatories propounded to him and admitted that he did not pay the cash amount recited in the act as the consideration of the sale but insisted that he did give valuable consideration (without stating it).
 

 After, defendant responded to the interrogatories on facts and articles and filed his answer to the suit, plaintiffs ruled him into court to show cause why judgment should not be granted on the pleadings. However, before this rule came on for hearing, plaintiffs filed another rule in which they suggested that, since defendant (while admitting the cash amount recited in the deed had not been paid) was contending he had given a valuable con sideration, he should be required to amend his original answer so as to state clearly therein the consideration on which he was relying to defeat the dissolution of the sale. An order to show cause was accordingly issued and, on the hearing thereof, defendant’s counsel informed the court that he did not desire or intend to offer any evidence on the trial of the case or to amend his answer as he was relying upon the recitals of the authentic act for full proof of payment of consideration. Upon being thus advised by defense counsel, the court recalled the rule and, thereafter, sustained plaintiffs’ motion for judgment on the pleadings, entering a decree cancelling and dissolving the sale of the land for non-payment of the purchase price. Wherefore the appeal.
 

 In this court, defendant has reurged his exception of no right or cause of action. He asserts that, since an authentic act makes full proof between the parties and cannot be contested by them except for forgery (Article 2236, C.C.) or fraud or mutual mistake under the jurisprudence, it was error for the court to permit plaintiffs to contradict their acknowledgment of payment of the cash consideration for the conveyance by means of his answer to interrogatories on facts and articles.
 

 The contention is without merit. It is well settled that parties to authentic acts may, even in the absence of fraud or error, assail the verity of the recitals of the deed either by a counter letter (Article 2239, C.C.) or by answers of the other party to interrogatories on facts and articles (which have the same force and effect as a counter letter). Newman v. Shelly, 36 La.Ann. 100, 101; Crozier v.
 
 *55
 
 Ragan, 38 La.Ann. 154; Godwin v. Neustadtl, 42 La.Ann. 735, 7 So. 744; Franklin v. Sewall, 110 La. 292, 34 So. 448 and Templet v. Babbitt, 198 La. 810, 5 So.2d 13.
 

 Counsel for defendant nevertheless maintains that the only instance in which interrogatories on facts and articles may be employed with respect to conveyances of immovables is under Article 2275 of the Code for the purpose of proving verbal sales where possession has been delivered. But this postulation ignores the applicable articles of the Code of Practice, Articles 347-356, authorizing the use of interrogatories on facts and articles and the established jurisprudence, which we have above cited. Indeed, it would be a most irrational doctrine that would deny to a party the right of probing the conscience of his obligor by interrogation and thus prohibit the confession by the latter of the falsity of a recital in a deed on the hollow theory that to permit it would be violative of the parol evidence rule (Article 2276, C.C.).
 

 In Newman v. Shelly, supra, the plaintiff, as tutrix of her minor child, sought the rescission of an authentic act, under which her late husband had conveyed certain properties to his father for $4500, on the ground that the price was not paid notwithstanding that the act contained a clause acknowledging receipt of the price by the vendor. She annexed to her petition interrogatories on facts and articles, probing the conscience of the defendant as to the fact of non-payment of the price. The defendant objected to the interrogatories on the ground that the consideration could not be inquired into as between the-parties to the act and their privies and,, under the reservation of the objection,, confessed that the price had not been paid. The court found that the use of interrogatories on facts and articles was wholly proper. The syllabus of the case puts it thus:
 

 “Even parties to authentic acts and their privies have the right to contradict recitals therein by an appeal to the conscience of the opposing party by means of interrogatories on facts and articles; and answers to such interrogatories confessing the falsity of such recitals are not parol evidence and have all the effect of a counter-letter.”
 

 We are also of the opinion, despite the plea of defense counsel to the contrary, that the judge was correct in. granting judgment on the pleadings as-enlarged by defendant’s answers to the-interrogatories on facts and articles. The-confession by defendant in his answer that the cash price was not paid was sufficient unto itself to authorize a rescission of the-sale. True, defendant coupled his confession with an attempted avoidance of a dissolution by stating that he “did fulfill the consideration for the sale which was fully understood and agreed to by and between all of the parties before the deed was-signed, and which has been consented to-
 
 *57
 
 by the parties since.” This vague declaration was obviously an effort to allege a consideration other than cash without stating it. Plaintiffs timely and properly sought to have defendant amend his answer by asserting the facts upon which his conclusion of valuable consideration was predicated. But he refused the opportunity, being content to stand upon the recitals of the deed. In fine', the difficulty of the position in which he now finds himself is that his confession of the falsity of the recitals of the deed respecting cash consideration precludes him from offering proof that any other consideration was given in the absence of allegations on his part of the facts upon which he relies.
 

 In oral argument in this court, counsel requested that, should we fail to sustain his contention on the law, the case should be remanded for the purpose of giving defendant the opportunity of amplifying his pleadings so as to state the facts upon wlrch his plea of full consideration is based. This request disregards the fact that he has already been given an opportunity to amend his answer and that he elected to stand on the proposition of law tendered by him to the court. It would be palpably unfair to plaintiffs to permit defendant, at this late date, to shift his position. See Esmele v. Violet Trapping Co., 184 La. 491, 166 So. 477.
 

 The judgment appealed from is affirmed.
 

 O’NIELL, C. J., absent.