BOLIN, Judge.
This is a boundary action involving approximately ten acres of land in Caddo Parish, owned by the defendant, and some land owned by the plaintiff to the South thereof. When the procés verbal of the court’s appointed surveyor was filed in evidence, it showed that the defendant had approximately 11.3 acres of land under fence. The defendant, claiming that she had possessed the land up to the fence in excess of thirty years, filed a plea of prescription of thirty years acquirendi causa under Louisiana Civil Code-LSA, Article 3499. It was sustained by the trial judge. From this judgment the plaintiff has perfected this appeal now before us.
In sustaining the plea of prescription, and thereby fixing the boundary at the fence, the trial judge assigned excellent written reasons for his findings. After studying the record carefully and reading the citations of authorities therein, we have concluded that our learned brother below was eminently correct in his analysis of the case, and because we can find no way of improving upon his findings, they are incorporated in full and made a judgment of this Court, with the exception hereinafter pointed out. The following is his opinion in full:
“Plaintiff instituted this suit to establish the boundary between the property owned by him and property owned by Minnie L. Berry, situated north of plaintiff’s property. A surveyor was appointed, who made a survey and filed a proces verbal thereof, attaching thereto a map of said survey, which shows the south boundary line of defendant’s property, and further shows a fence extending across the entire property, 56 feet south of the ideal boundary line on the east and 6254 feet south of the ideal boundary on the west.
“Defendant filed a plea of prescription of thirty years acquirendi causa, alleging that Minnie Berry purchased ten acres of land from J. B. Slattery by deed dated January 22, 1910, and that she thereafter erected a fence around the land purchased, including the aforesaid strip of land described in her deed, and that said strip of land has been under fence, occupied and possessed by the said Minnie L. Berry for more than thirty years. The evidence so shows.
“Minnie Berry is a colored woman over ninety years of age. She moved onto the property purchased by her in 1910. A son of Minnie Berry was married on February 5, 1926, and he and his wife immediately moved onto the property with his mother. The son lived there until he died, and his *197 wife still remains on the property, and Minnie Berry is living' on the property.
“Plaintiff contends that the defendant’s possession was interrupted due to the following facts: Minnie Berry’s property was sold for taxes in 1934 for the unpaid taxes of 1933, and was redeemed on August 3, 1938. Minnie Berry left the state of Louisiana sometime in the thirties and went to Nebraska to visit her daughter, and remained there some fourteen or fifteen years before returning to her property in Caddo Parish.
“The sale for taxes did not include the strip of land south of the land purchased by Minnie Berry and, even if it did, the adjudication did not divest Minnie Berry of the possession of the contested strip of land. There is no evidence to indicate that Minnie Berry’s son and daughter-in-law occupied the property as owners, hence their possession began with the consent of Minnie Berry. They farmed the property and paid the taxes thereon without any claim of ownership. As before stated, Minnie Berry is an old woman, and the fact that she stayed with a daughter in Nebraska for a period of fourteen years and then returned to her own home and family does not militate against her ownership and claim of possession of the disputed strip of property. A person has the right to possess property in his own name and continue the possession as owner through others. There is no contention in this case by anyone that any person other than Minnie Berry has owned and possessed the property described in this suit.
“For the reasons assigned, defendant’s plea of thirty years prescription is sustained and Minnie Berry decreed to be the owner of the property lying between the ideal boundary line as shown on the survey made by Van A. Barnett and the fence to the south of said boundary line as shown on the map of said survey; and there is further judgment ordering said surveyor to monument said fence line, which fence line shall hereafter be the boundary line existing between the property of plaintiff and defendant.” (Emphasis ours.)
LSA-R.S. 13:4202 provides as follows:
“All final judgments of district courts, courts of appeal and the supreme court affecting the title to immovable property shall particularly describe the property thereby affected.”
Inasmuch as the judgment in this case will affect the title to immovable property, the judgment should be amended so as to more particularly describe the property thereby affected. The judgment of the lower court merely ordered the surveyor to monument the fence line, which would thereafter be the boundary line between the properties involved.
For the reasons assigned this case is remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo with instructions that the court appointed surveyor be ordered to amend his procés verbal and the plat filed in connection therewith to show the location of the fence line referred to in this opinion by an exact metes and bounds description; that the said amendments be received in evidence and judgment rendered in favor of defendant setting forth the exact description of the property to which her ownership has been established.
It is further ordered, adjudged and decreed that all costs of both courts be and they are hereby taxed against plaintiff-appellant.