CLYDE C. RUSSELL, Judge.
The plaintiff as liquidator of The House of Campbell, Inc., brings this suit seeking to annul and set aside a transfer of real estate on the grounds that the recited consideration had not been paid and that the ultimate title had been placed in the name of the principal defendant for the convenience of confection of a later building contract. The Homestead Association, *623 considering itself neither a necessary nor a proper party to this action for rescission, filed exceptions of no right and of no cause of action, which were sustained. The plaintiff has appealed from this dismissal of the Homestead Association.
The plaintiff’s petition alleges that it is a corporation in liquidation; that prior to liquidation its Board of Directors adopted a resolution authorizing the President to sell a vacant lot of ground for $4,500.00 cash, with the purpose in view of building a house thereon for sale and ultimate profit to the corporation; and that the lot was transferred to the Plomestead Savings Association which paid no consideration for the lot. The Association in turn contemporaneously conveyed the lot to the defendant Benedict J. Campbell, Jr., who was vice-president of the Corporation, retaining a vendor’s lien and mortgage on the lot for $16,800.00 which included the construction of the building placed thereon. After these transactions the defendant Benedict J. Campbell, Jr., refused to re-convey the property to the corporation or recognize that it had any interest. In effect the petition charges that the corporation has been defrauded of its property. The liquidator of the Corporation by this suit seeks to recover title and, though it concedes that Homestead Savings Association was no party to the fraudulent scheme, prays for a judgment annulling the sales subject to a discharge of the Association’s vendor’s privilege and mortgage. Plaintiff further alleges that since it holds no counter-letter it can only impeach the title by answers to interrogatories on facts and articles and therefore it propounded interrogatories to the Homestead Savings Association.
The only question before this Court is whether the sustaining of the exceptions by the lower Court was proper.
Counsel argues that the sale and resale can only be voided by attacking each link in the chain of sales. That he should be allowed to propound interrogatories on facts and articles to the Homestead Association to show the actual facts that no consideration was paid, citing the case of Jones v. Jones, 214 La. 50, 54, 36 So.2d 635, 636 as authority for the proposition that:
“ * * answers of the other party to interrogatories on facts and articles * * * have the same force and effect as a counter letter.”
However, answers by the Homestead Association to interrogatories could in no wise bind the other defendant since they are only binding against the party confessing. A judicial confession amounts to full proof only against him who has made it. LSA-C.C. Article 2291.
In Overby v. Beach et al., 220 La. 77, 55 So.2d 873, where a Building Loan Association was sought to be made an unwilling defendant in a suit to rescind a sale for fraud, on rehearing the Supreme Court held that the Homestead Association was neither an indispensable nor necessary party to the suit. The case of Overby v. Beach et al., supra, was approved in the later case of Russell v. Bartlett, La.App., 139 So.2d 770, in which the Court had this to say:
“The sales to and by the homestead which all occurred on the same day before the same notary public were made for a pignorative purpose only and through its sale to Mrs. Russell the homestead was able to accomplish the securing of the loan in the manner the law directs. The interposition of a homestead in such a transaction does not affect the relationship of vendor and vendee existing between the parties.”
It is therefore the opinion of this Court that the judgment of the lower Court sustaining the exception was proper and should be affirmed. Plaintiff-appellant is to pay the cost of the appeal.
Affirmed.