193 So.2d 299 (1966)
Mrs. Geraldine de la Parra ELROD
v.
Mrs. Ercilia Elrod LE NY.
No. 2387.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1966.
Rehearings Denied January 9, 1967.
*300 Eugene P. Cerise, New Orleans, for defendant-appellee.
Alcide J. Weysham, New Orleans, for plaintiff-appellant.
Frank S. Normann, New Orleans, for First National Life Insurance Co., intervener-appellant.
Before REGAN, YARRUT and CHASEZ, JJ.
CHASEZ, Judge.
The plaintiff, Mrs. Geraldine de la Parra Elrod, filed suit to have declared null and void the sales of two parcels of real estate in Orleans Parish. The authentic acts of sales in these two transactions reveal Mrs. Elrod as the vendor of the property which was sold to her daughter, Mrs. Ercilia Elrod Le Ny, the defendant herein. The consideration recited was $30,000.00 and $48,500.00 respectively, of which $17,036.18 cash was paid on the former and $6,234.66 cash on the latter, with assumptions of the mortgages recited as recorded against the two pieces of property.
The petition of the plaintiff alleges that the sales, dated July 17, 1959, and July 8, 1959, were simulations and that no consideration was actually paid by Mrs. Le Ny.
The law is well settled that a sale of immovable property in the form of an authentic act which recites consideration cannot be attacked by a party thereto who attempts to controvert the recital of consideration in the act by proving that the consideration was not actually given, unless: fraud, mutual error, or force is alleged, written evidence in the nature of a counter-letter is available, or the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. This is illustrated by the following cases which are merely representative of the large volume of jurisprudence on the subject. Templet v. Babbitt, et al., 198 La. 810, 5 So.2d 13; Johnson v. Johnson, 191 La. 408, 185 So. 299; Jeansonne et al. v. Jeansonne, 171 So. 497 (La.App.1937); Lewis v. Clay, 221 La. 663, 60 So.2d 78.
*301 The Civil Code contains the following pronouncements:
Art. 2236. The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.
Art. 2237. The acknowledgment of payment, made in an authentic act, can not be contested, under pretense of the exception of non numerata pecunia, which is hereby abolished.
Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.
The District Court, cognizant of this jurisprudence and these Articles of the Civil Code, rendered summary judgment on behalf of the defendants in this case, after interrogatories had been submitted and answered, and affidavits on behalf of both parties filed. The plaintiff now prosecutes this appeal from the judgment below.
We find ourselves in complete agreement with the lower court's determination that the defendant must prevail in this case.
The affidavit filed of record by Mrs. Ercilia Elrod Le Ny states, among other things, that she acquired the property from her mother who was planning to travel and did not want the responsibility of owning real property; that affiant had sufficient cash funds to purchase her mother's equity in the property and that she paid her mother $6,234.66 cash on one parcel and $17,036.18 cash on the other; that she did not sign or give her mother a counter-letter and a counter-letter was never requested of her at any time; that an agreement was made between her and her mother whereby her mother would collect the rents on both properties and pay the notes and expenses relating to same on her behalf when she returned to her home in New Jersey.
Duly certified copies of the Notarial Acts transferring the title of these parcels of ground to Mrs. Ercilia Elrod Le Ny form part of the record, and indicate the assumption of mortgages due on the property, in addition to the cash payments above recited.
The affidavit filed in the record by the plaintiff, Mrs. Geraldine de la Parra Elrod, addresses itself to the responses of Mrs. Le Ny to the interrogatories propounded by Mrs. Elrod and in substance declares the responses to the interrogatories to be false and untrue.
The plaintiff urges that the defendant's answers to interrogatories were false and/or evasive, and thus the defendant is not entitled to a summary judgment because her answers are disputed, and consequently there is a dispute as to material fact. Summary judgments cannot be granted where there is an issue as to material fact as appears from Article 966 of LSA Code of Civil Procedure:
* * * "The judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
However, plaintiff does not grasp the import of this Article in view of the law applicable to suits to annul alleged simulated sales which are evidenced by authentic acts.
The point is that the court below, from the pleadings, the interrogatories and answers thereto, and the affidavits on file, very properly came to the conclusion that there was no dispute as to any material fact
Because there was no plea from the plaintiff of fraud, error or force, or the production of a counter-letter, and because there were no admissions importing lack of consideration evident in the responses to the plaintiff's interrogatories, there was no dispute as to material facts, since any dispute existing outside the pale of evidence *302 which may be introduced in a simulation action is not germane to the determination of the case. While the plaintiff has stated in brief filed in this court that "The Court erred in not permitting plaintiff to amend the petition to allege fraud * * *", the fact is the record does not disclose that plaintiff ever filed or submitted to the Court a supplemental petition or other plea charging fraud in this matter.
The fact that the plaintiff maintains that the answers to the interrogatories are not true will not avail her as showing a dispute as to any material facts, simply because the plaintiff had a case only if she obtained answers showing a lack of consideration. Since this did not occur, any dispute concerning the substance of the answers is not pertinent.
The plaintiff's contention that the answers to her interrogatories were not responsive or were evasive is simply not supported by the record, and we feel the answers fairly meet the questions asked. Moreover there is nothing in the record indicating a request of the trial court that the defendant be compelled to respond under Article 1511 of the Code of Civil Procedure, the plaintiff urging here that the defendant should have been so compelled.
There remains one more issue to be disposed of in this matter. The First National life Insurance Company filed a petition of intervention, alleging that it was a mortgage creditor with a mortgage on property involved in this suit, and praying that it be allowed to intervene "so as to protect its rights." The intervention was refused by the lower court and First National Life Insurance Company appealed. We fail to see what relief could be accorded to petitioner in intervention as an alleged mortgage creditor. The mortgage, if one existed is in no way put at issue or imperiled in this suit. Nor could First National Life Insurance Company prevent alienation of the property by Mrs. Elrod. The insurance company cannot affect the outcome of this suit as to the original party or as to itself. The intervener takes no posture against either of the original parties in its intervention. This is not an "interest" in First National Life Insurance Company, nor is there a "right" to be enforced as contemplated by Article 1091 of the Code of Civil Procedure, and the court was correct in refusing to entertain the application.
Therefore the court's action in refusing the intervention of the First National Life Insurance Company is hereby affirmed.
The Court a qua's judgment on motion for summary judgment dismissing the suit of Mrs. Geraldine de la Parra Elrod against Mrs. Ercilia Elrod Le Ny is affirmed. However, the Court below omitted a description of the property involved. Since judgments which affect immovable property must describe the immovable property affected with particularity by virtue of the provisions of Articles 1919 and 2089 of the Code of Civil Procedure, we amend the judgment below to include:
Mrs. Ercilia Elrod Le Ny is recognized as the owner of the following described property, to wit:
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, advantages and appurtenances thereunto belonging or in anywise appertaining, situated in the Sixth District of this City, in Square No. 440, Bouligny, bounded by Carondelet, Valence, Baronne, and Bordeaux Streets and according to a survey by Gilbert & Kelly, Surveyors, dated November 30, 1946, attached to an act of Frank Macheca, late Notary Public, dated December 10, 1946, the lot is designated by the No. 9-B and commences at a distance of ninety-seven feet, six inches, no lines (97' 6" 0'") from the corner of Carondelet and Bordeaux Streets and measures thence fifty-two feet, six inches (52' 6") front on Carondelet Street by a depth between equal and parallel lines *303 of one hundred fifty-four feet (154') and is composed of all of original Lot 9 and is part of original Lot 10. The improvements are designated by the Municipal No. 4723-25 Carondelet Street.
This act of sale is registered in the Conveyance Office of the Parish of Orleans, Book 629, folio 245; and recorded in the Mortgage Office of the Parish of Orleans in Book 1959, folio 458.
ALSO
A CERTAIN PIECE OR PORTION OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining, situated in the Sixth District of the City of New Orleans, State of Louisiana, in Square No. 386, Bouligny, bounded by General Pershing, Pitt, Milan Streets and St. Charles Avenue, designated as Lot 9-A on a blue print of survey by Adloe Orr, Jr., & Associates, C. E. dated September 19, 1957, a copy of which is attached hereto, according to which said portion of ground commences at a distance of one hundred (100') feet from the corner of Milan Street and St. Charles Avenue and measures fifty (50') feet front on St. Charles Avenue, same width in the rear by a depth of one hundred (100') feet between equal and parallel lines.
Being the same property acquired by Mrs. Geraldine Elrod by purchase from Abraham Kruschevski by an act passed before Alcide J. Weysham, N. P., dated May 15, 1956, and registered in Conveyance Office Book 608, folio 175.
This act of sale is registered in the Conveyance Office of the Parish of Orleans, Book 628, folio 293; and recorded in the Mortgage Office of the Parish of Orleans, Book 1962, folio 290.
See Succession of Caldwell, La.App., 147 So.2d 448, and Gibson v. Berry, 124 So.2d 195, (La.App.1960).
The intervenor, First National Life Insurance Company, shall bear its own costs; all other costs herein shall be borne by the plaintiff, Mrs. Geraldine de la Parra Elrod.
Amended and affirmed.