BOLIN, Judge.
George W. Wise sues to annul .two deeds executed by him purporting to transfer property in Red River Parish to his sister, Jake Wise Johnson, wife of M. S. Johnson, both of whom were made parties defendant. Prior to judgment, Mr. Johnson died and his heirs, children of defendants, were ordered to appear and substitute themselves as defendants. In response to this order the children appeared and disclaimed any interest in the property and requested to be excused from further answering. They prayed that their mother, Jake Wise Johnson, be decreed the owner of the property. Following hearing on a motion for summary judgment the court ruled in favor of plaintiff. Judgment was rendered on the pleadings, the deeds filed in the records and answers to interrogatories propounded by both parties. From judgment declaring the deeds simulations Jake Wise Johnson appeals.
The two transfers under attack are by authentic acts, each reciting a cash consideration of $1000 for the property conveyed by plaintiff to his sister. One deed, dated April, 1962, was filed for record on April 17, 1962; the other, dated May 7, 1963, was filed for record on July 24, 1963. *199 Plaintiff alleged no price was paid by defendants and none was agreed upon; that the described deeds were executed for the “convenience” of his sister; that the recited consideration of $1000 in the deeds was fictitious; and that for these reasons the deeds should be declared null and plaintiff should he recognized as owner of a %sth interest in one tract and a fi&th interest in the other.
Plaintiff, by supplemental petition, alleged defendants are acting in fraud of his rights in refusing to reconvey the property to him, and are using the simulations to defraud him of his property. There is no allegation of fraud in the confection of the deeds and from plaintiff’s brief we conclude he no longer pursues any claim of fraud.
Accompanying the original and supplemental petitions were interrogatories to defendants asking if, in fact, the recited cash consideration had been paid and, if not, how much defendants did pay, and in what manner and to whom it was paid.
Defendants filed a motion to suppress the interrogatories and contemporaneously therewith filed an exception of no cause or right of action and a motion for summary judgment. In effect the trial court overruled the motion to suppress by reserving a ruling on the exception pending answers to the interrogatories. The exception of no cause of action was predicated upon plaintiff’s attempt to vary the recitals in an authentic act without alleging fraud, error or duress in the confection of the deeds.
In response to the original interrogatories propounded by plaintiff, defendants answered partly, as follows:
“1. It is a fact that the sum of $1000 in cash was not paid, but there was an equivalent consideration given in the form of the transfer of an undivided interest in another parcel of real estate in Red River Parish, to-wit: the store building and lot now occupied by George Wise Variety Store in Coushatta as will appear from a cash sale deed filed for record in Red River Parish under Registry No. 101, 389 and recorded in Volume 109, Page 524 of the Conveyance Records of said Parish.” (Emphasis added) * * *
After consideration of the above interrogatories and answers thereto, defendants’ exception of no cause of action was sustained. On hearing of an application for a new trial filed by plaintiff the lower court reversed its judgment and rejected defendants’ exception.
Defendants answered, denying plaintiff’s right to question the recitations of receipt of consideration in the deeds from George Wise to Jake Wise Johnson. In the alternative, they alleged the transfers to Mrs. Johnson were all a part and parcel of an arrangement to divide jointly-held properties between plaintiff and Jake Wise Johnson; that the true consideration of the transfer by plaintiff to his sister of his undivided interests in the property described by him in articles 2 and 3 of the original petition was the transfer by Jake Wise Johnson, Mrs. Mattie Wilkinson Stanfill and Caroline Weathersby of their undivided interests in a tract of land, with improvements, in the Town of Coushatta, known as the Wise Department Store. This latter property was described with particularity in a cash sale deed executed by Mrs. Johnson and Mrs. Stanfill on October 14, 1961, and signed by Caroline Wilkinson Weathersby on October 16, 1961, which deed was recorded as heretofore set out in the answer to interrogatories filed by defendants. Further, in the alternative, should the court hold the deeds executed by plaintiff were null, then defendant Jake Wise Johnson reconvened and asked to be recognized as owner of an undivided interest in the property conveyed by her to her brother, the plaintiff. Additionally, Mrs. Johnson asked recovery from George Wise on a quantum meruit basis for use by plaintiff of the building.
In connection with this answer interrogatories were propounded to George Wise *200 requesting him to state if the consideration recited in the deed of the variety store to him was actually paid. In answer to this question he responded in the negative as to that interest conveyed by defendant, Jake Wise Johnson.
To the reconventional demand, plaintiff filed a general denial and further asserted that the use of the property conveyed by plaintiff to defendant was of sufficient value to offset any demand of defendants for recovery on a quantum meruit basis for use of the Wise Variety Store property-
Sometime subsequent to the filing of the answer and reconventional demand plaintiff filed a motion for summary judgment alleging there was no genuine issue of a material fact. Opposition to this motion was filed by defendants on numerous grounds, the two we deem most pertinent being:
“(a) there are, as is shown by the pleadings, the interrogatories and the answers thereto, which are already before the Court, disputed issues of fact, and the disputes among the parties are not subject to disposition in a summary way;
sjs * * >jc * *
“(c) though it appears from the interrogatories and answer thereto already before this court that the recited cash considerations were not paid in the several deeds involved, it is contended by defendants that there was consideration for the transfers of title effected by those deeds, and determination of this factual issue must be made on the basis of evidence to be adduced
The court granted plaintiff’s motion for summary judgment, annulled the transfers to defendant and reserved any right plaintiff might have to bring appropriate action to recover any loss he may have suffered as a result of the execution and filing for record by defendants of any deed or mortgages affecting the property described.
Appellant specifies numerous errors were committed by the trial court, urging that the court should have rejected plaintiff’s demands, without requiring appellant to answer interrogatories in view of the clear and positive language found in the following articles of Louisiana Civil Code:
Art. 2236:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
Art. 2237:
“The acknowledgment of payment, made in an authentic act, can not be contested, under pretense of the exception of non numerata pecunia, which is hereby abolished.”
Art. 2276:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
We first consider the correctness of the lower court’s ruling withholding the decision on defendant’s exception until after filing of answers to interrogatories propounded by plaintiff.
In interpreting the codal articles cited supra our courts have repeatedly held that, in the absence of fraud, error or duress, parties to an authentic act purporting to convey immovable property for a stated consideration are not permitted to prove the recited consideration was not actually given. Equally well-established is the rule that, even as between the parties and in the absence of allegations of fraud or error, written evidence in the nature of counter letters or answers to interrogatories are admissible to controvert the recited consideration. Jones, et al. v. Jones, 214 La. 50, 36 So.2d 635 (1948); Harang v. Smith, 229 La. 865, 87 So.2d 10 (1956); Templet v. Babbitt, et al., 198 La. 810, 5 *201 So.2d 13 (1941); Elrod v. Le Ny, 193 So.2d 299 (La.App. 4 Cir. 1966); Mut v. Mut, 222 So.2d 100 (La.App. 1 Cir. 1969).
It was pursuant to Louisiana Code of Civil Procedure Article 1491, which superseded Louisiana Code of Practice Articles 347 through 356, that interrogatories were propounded in the instant case. Louisiana Code of Civil Procedure Article 1491 provides:
“Any party may serve upon any adverse party written interrogatories to he answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may accompany the petition or be served after commencement of the action and without leave of court. The interrogatories shall be answered separately and fully in writing under oath. The answers shall be signed by the person making them; and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within fifteen days from service thereof unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. Within ten days after service of interrogatories a party may serve written objections thereto. Answers to interrogatories to which objection is made shall be deferred until the objections are determined.” * * * (Emphasis added)
Rationale for the rule allowing answers to interrogatories to be used to contradict the recitations of an authentic act is that, when the plaintiff, having no counter letter, proceeds in limine to probe under oath the defendant’s conscience as to the verity of any recital in the act by evoking his answers to interrogatories, such answers stand as part of the pleadings; and if they are destructive of plaintiff’s cause of action, an exception properly lies. Godwin v. Neustadt, 42 La.Ann. 735, 7 So. 744 (1899); Newman v. Shelly, 36 La.Ann. 100 (1884).
We conclude the ruling of the trial judge delaying a hearing on the exception until after answers filed was correct.
We next consider the correctness of the granting of the motion for summary judgment in favor of plaintiff and the corollary questions of whether the court correctly overruled the defendants’ motion for summary judgment.
Article 966 of the Louisiana Code of Civil Procedure provides:
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
 Plaintiff relies on the answers to his interrogatories that the recited cash consideration was not paid. However, he seeks to have this court overlook the complete answer wherein defendants claim a different consideration was given. Answers to interrogatories, being in writing under oath, are not considered parol evidence. If the recitals and answers require explanation it is not violative of law to permit introduction of parol evidence to explain their meaning.
*202 Jake Wise Johnson has alleged the consideration for the conveyances to her was her prior conveyance to George Wise of her interest in the Wise Variety Store property. In his answers to her interrogatories he admits the transfer to him was without consideration, but does not admit the transfer to him was in consideration for his transfers to her. Therefore, there remains a genuine issue as to this material fact which can only be resolved after a trial on the merits.
Accordingly, the summary judgment is annulled, reversed and set aside and the case is remanded to the trial court for further proceedings according to law, not inconsistent with the views expressed herein. The cost of this appeal is assessed against appellee, all other costs to await the final determination of the cause.