SAMUEL, Judge.
The appellee, a judgment creditor of the decedent, filed a rule against the adminis-tratrix of this succession, Mrs. Le Ny, seeking to have the decedent’s (the decedent in this succession, Mrs. Elrod, is usually referred to hereinafter simply as “decedent”) interest in two certain pieces of immovable property listed as assets of the succession. After a hearing, there was judgment ordering those properties included in the succession inventory as belonging to the community of acquets and gains formerly existing between decedent and her deceased husband, Samuel Floyd Elrod. The adminis-tratrix has appealed from that judgment.
On May 27, 1971, appellee obtained judgment against decedent for $9,000 for professional services rendered by him as her *1193 attorney.[1] Decedent died on November 24, 1973, and her succession was opened by her daughter, Mrs. Le Ny, who eventually qualified as administratrix.
The inventory complained of was filed on August 24, 1973. It omitted from the succession assets the two pieces of immovable property involved herein. These properties had been declared by this court to belong to the community which formerly existed between decedent and her pre-deceased husband.[2] In this court administratrix makes no issue regarding appellee’s status as a succession creditor. As stated above, his claim for legal services rendered to the decedent was reduced to judgment on May 27, 1971, and no dispute now appears to exist regarding either the existence, the validity or the finality of that judgment.
The issue presented is whether the trial court acted correctly in ordering the decedent’s interest in the two pieces of immovable property listed as succession assets pursuant to the rule to show cause, but without taking testimony or hearing other evidence (sought to be offered by the administratrix) to determine whether title to an interest in the properties in question belonged to the decedent’s estate or personally to Mrs. Le Ny, the administratrix.
For a proper understanding of this appeal, prior facts and litigation involving the two properties must be discussed. Mr. El-rod had been married previously, and had one son from his first marriage. That son predeceased him, leaving children (Elrod’s grandchildren). Elrod’s second marriage to decedent resulted in the birth of one child, Ercilia Elrod Le Ny, the administratrix of this succession.
The properties in dispute were purchased by decedent during her marriage with El-rod. One property is located on St. Charles Avenue, and the other is on Carondelet Street, both in the City of New Orleans. Both acts of sale recite decedent as the purchaser of the respective properties and both acts contain a declaration by Mr. Elrod that the properties were purchased with decedent’s separate and paraphernal funds and that he had no interest therein. In 1959, prior to the death of either Mr. or Mrs. Elrod, decedent sold both properties to her daughter, Mrs. Le Ny. Both sales were passed before a notary public, both set forth the consideration and terms thereof, and both near the signatures of all parties, including that of Mr. Elrod.
Later, decedent and Mrs. Le Ny became involved in a personal dispute, and decedent filed a suit against her daughter to set aside the sales by the decedent to Mrs. Le Ny for lack of consideration. The trial court dismissed decedent’s suit on her daughter’s motion for summary judgment on the ground that, absent a counter latter, a vendor is bound by statements contained in her own authentic acts and cannot later controvert them. This judgment subsequently was affirmed on appeal.[3]
On November 2, 1961, Mr. Elrod died. His succession was opened, and his grandchildren filed suit[4] against Mrs. Elrod and Mrs. Le Ny, seeking to have the two properties which had been transferred from Mrs. Elrod (not yet deceased) to Mrs. Le Ny declared the property of the community which existed between decedent and their grandfather, so that they could take his share of the community property by representation of their father in their grandfather’s succession. In addition, the grandchildren claimed Mrs. Elrod’s sales of the properties to Mrs. Le Ny were simulated sales or disguised donations and therefore null and void.
In this suit by Mr. Elrod’s grandchildren, Mrs. Elrod was named as a defendant with *1194 Mrs. Le Ny. In that posture she was not bound by the technical evidentiary rules prohibiting her from contradicting the statements in her authentic acts which caused her own suit against her daughter to fail. Mrs. Elrod was allowed to testify the sales were made to her daughter without consideration and that the properties were purchased with community funds in spite of the contrary declaration by herself and Mr. Elrod in each document. This court held that testimony admissible in a dispute between the grandchildren of Mr. Elrod and his daughter by his second marriage, even though not admissible between Mrs. Elrod and her daughter to contradict the statements of Mrs. Elrod in her authentic acts. We further pointed out that the jurisprudence is replete with cases interpreting Civil Code Articles 2239, 2444 and 2480 to stand for the proposition that forced heirs are regarded as third persons when attacking an act of sale made by those from whom they inherit. Accordingly, we held that the properties had been acquired by and belonged to the community of acquets and gains formerly existing between Mr. Elrod and decedent and that the purported sales by decedent to Mrs. Le Ny were simulations and therefore null and void. That judgment has become final.
The basis of appellant’s argument is that the trial judge incorrectly applied the doctrine of res judicata or estoppel by judgment by granting appellee’s motion on the basis of this court’s final judgment in Succession of Elrod v. Elrod and by refusing to take evidence regarding decedent’s interest or lack thereof in the property at the time of her death. The factual portion of this argument may or may not be correct; the record before us fails to indicate one way or another. However, our appreciation of the facts revealed by the record makes this issue immaterial.
A succession representative is a fiduciary who must at all times act as a prudent administrator. The representative, being in possession of all succession property, must enforce all obligations owed to the succession, must preserve and protect the succession property, and must defend all actions brought against him to enforce claims against the succession. These duties are clearly set forth in the following articles of the Code of Civil Procedure (Article 3191 is quoted only in pertinent part):
“A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.” LSA-C.C.P. Art. 3191.
“A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor.” LSA-C.C.P. Art. 3211.
“A succession representative shall preserve, repair, maintain, and protect the property of the succession.” LSA-C.C.P. Art. 3221.
“The succession representative shall defend all actions brought against him to enforce claims against the succession, and in doing so may exercise all procedural rights available to a litigant.” LSA-C. C.P. Art. 3249.
The motion which resulted in the judgment here appealed from is directed and was heard contradictorily against Mrs. Le Ny only in her capacity as administra-trix. Under the facts and circumstances involved here, particularly the final judgment in Succession of Elrod v. Elrod,[5] which annulled the sales of the properties by decedent to Mrs. Le Ny and held the properties belonged to the community of acquets and gains formerly existing between the decedent and Mr. Elrod, it was the duty of Mrs. Le Ny as administratrix to list the decedent’s interest in those properties as thus judicially decided and it was her further *1195 duty to protect and defend that status and listing. Instead of so acting, she has refused to list that interest as an asset of the succession and she is contesting such a listing, claiming that interest in the properties as her own.
This action is in direct conflict with her duties as the succession representative. The law prohibits her from refusing to make the requested listing and from making such a contest or claim on her own personal behalf and against the interest of the succession she represents; because she is the administratrix of the succession, she has no right to so refuse or so claim.[6]
A secondary issue presented by the ad-ministratrix on this appeal is her claim that it is impossible to execute the trial court’s judgment regarding the Carondelet Street property because that property allegedly was sold by court approved private sale in the succession of Mr. Elrod. We say “allegedly” because the sale of the Carondelet Street property is not in evidence in this proceeding. As the record does not contain any evidence showing sale of that property, we cannot consider this secondary issue.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. The services were rendered in Elrod v. Le Ny, La.App., 193 So.2d 299, to which reference will be made later in this opinion.

. Succession of Elrod v. Elrod, La.App., 218 So.2d 83. This decision also will be discussed later in this opinion.

. Elrod v. Le Ny, supra, note 1; see C.C. Arts. 2236, 2237, and 2276. Appellee’s claim for attorney’s fees arose from this suit.

. Succession of Elrod v. Elrod, supra, note 2.

. Supra, note 2.

. We are aware of what this court said in the case of In re Mulqueeny’s Succession, La.App., 156 So.2d 317, but that case is distinguishable. In pertinent part that case involved a contest between the executrix and a forced heir. The heir obtained a court order directing the executrix to return certain homestead accounts to the succession, which accounts the executrix claimed as her own. The judgment in Mul-queeny was that the executrix had properly made the transfer. However, the decedent’s last will had specifically left those homestead accounts or stock to the executrix and thus the executrix was only performing one of the duties of her office as specifically stated in C.C. Art. 1672, requiring that the testamentary executrix “see the testament faithfully executed.”