WILLIAMS, Judge.
This appeal concerns the classification of immovable property for the purpose of division of the community of acquets and gains that existed between Harley Smith, Jr. defendant, and Peggy LeBlanc, plaintiff.
Mr. Smith and Ms. LeBlanc were married in New Orleans on July 26, 1975. In January, 1976 an act of sale conveying a house and lot located at 1618 Sere Street from Mary Helen Moore Banks and Issac J. Banks, Jr. to Peggy LeBlanc and Harley Smith, Jr. was passed.
In May of 1979, the parties were legally separated. The couple was divorced in October of 1982. In June of 1985, Ms. Le-Blanc sought recognition of a one-half interest in the community of acquets and gains. The only property at issue is the Sere Street home. Mr. Smith, Jr. denied that this property was part of the community.
Mr. Smith, Jr.’s contention at trial was that the house did not belong to the community nor was there ever an intent for the house to be part of the community. He alleged that the house actually belonged to his parents, and that the act of sale was put in his and Ms, LeBlanc’s name merely for the purpose of securing a mortgage. At trial it was established that plaintiff and defendant had never lived in the house and that the defendant’s parents had occupied the house since it was purchased. Additionally, the elder Smiths were never asked to pay rent to their son and daughter-in-law although they did pay the monthly mortgage payment. The elder Smiths made all repairs to the house and sufficiently estab *5 lished that no money nor labor was put forth by their son or his wife to benefit the property.
Testimony at trial included the testimony of Issac Banks, Jr., the vendor. Mr. Banks testified that Mr. Smith, Sr. actually paid the down payment; that Mr. Smith, Jr. put the house in his son's name for the purpose of securing a loan (he was self-employed and unable to secure a loan personally) and that Peggy LeBlanc was aware of the arrangement between Mr. Smith, Sr. and his son because she was privy to a conversation at the time of the act of sale.
The trial transcript reflects that only Peggy LeBlanc has asserted that she has an interest in the property. Furthermore, Ms. LeBlanc’s testimony is not completely convincing.
After considering the evidence adduced at trial, the trial court found that Ms. Le-Blanc has no interest in the property. The court determined that the immovable property “was not acquired through the effort, skill or industry of either party nor was it acquired with community funds or a mixture of community and separate funds.” Further, the court determined that neither Mr. Smith nor Ms. LeBlanc has an interest in the property. In making the determination the court stated “that ownership of the property never passed to either member of the marriage.” Relying on the testimony of Mr. Banks and the elder Smiths the court determined “that neither Peggy Le-Blanc nor Harley Smith, Jr. ever had the intent to own or possess said property.” Ms. LeBlanc appeals this decision.
In her appeal to this court Ms. LeBlanc advances several assignments of error that raise only two issues: (1) whether the trial court failed to recognize the act of sale as an authentic act and, consequently, failed to apply the legal premises applicable thereto; and (2) whether the trial court erred in failing to recognize the effort, skill and industry of Ms. LeBlanc in securing the loan so as to classify the property as a community asset.
The testimony presented at trial was introduced to rebut the presumption that property acquired during the marriage is community property. The trial court found that Harley Smith, Jr. never acquired any interest in the property but that he executed the act as purchaser for the convenience of his parents. The testimony indicates that it was the intent of the parties that the immovable property would belong to the elder Smiths although, in fact, the evidence of the transfer places the ownership in Mr. Smith and Ms. LeBlanc:
Louisiana Civil Code article 1835 provides:
An authentic act constitutes full proof of the agreement it contains as against the parties, their heirs, and successors by universal or particular title.
In the absence of fraud, error, or force, the parties may only attack the validity of the statements made in the act by presenting a counter letter representing facts other than those recited or by producing answers of the other party to interrogatories on facts and articles. Jones v. Jones, 214 La. 50, 36 So.2d 635 (1948).
Here, the husband and wife executed an authentic act which indicated that the immovable property was being purchased by Harley Smith, Jr. and Peggy LeBlanc. The act was executed during the existence of the community of acquets and gains. There is no evidence that Harley Smith, Jr. made a double declaration of paraphernality as required at the time the property was purchased. At trial Mr. Smith, Jr. did not present a counter-letter nor did he establish by any other means that the recitals made in the act of sale were false. The testimony he presented at trial coupled with his former wife’s own admission that she was told that the funds used to purchase the house belonged to the elder Smiths are, unfortunately, not sufficient to establish falsity of the authentic act.
In order to preserve the integrity of the authentic act and to avoid spurious claims by co-owners regarding the actual nature of immovable property, the recitations in the act of sale must be upheld. Consequently, the immovable property in question must be classified as part of the com *6 munity of acquets and gatas since it was acquired during the marriage.
Since this court has determined that the property was acquired during the existence of the marriage and, therefore, is part of the community of acquets and gains formerly existing between Harley Smith, Jr.' and Peggy LeBlanc, we find it unnecessary to address Ms. LeBlanc’s assertion that the trial court erred in failing to recognize her effort, skill and industry in securing a mortgage loan.
The unfortunate result of the case at bar is that the elder Smiths invested time and money in immovable property in which they have no ownership; consequently, their effort and industry will inure to the benefit of Ms. LeBlanc and Mr. Smith, Jr. It would be inequitable for a person to benefit from the expenditures and labor of a party without compensation to that party; therefore, this court finds it necessary to consider the issue of reimbursement to the elder Smiths for expenditures made on the property.
Louisiana Civil Code article 2301 calls for the restoration of things wrongfully acquired. When the elder Smiths paid the down payment, the monthly mortgage note and improved the home, they enriched their son and his wife. The testimony at trial indicates that this was not an intentional enrichment but enrichment arising from the unique circumstances of this case. Further, the testimony does not indicate either an actual or implied rental agreement but, rather, the Smiths were given a gratuitous use and entitled to occupancy and use as if they were owners. We find, therefore, that the elder Smiths are now entitled to recover the funds expended on the down payment and mortgage, as well as those used to improve the property, as well as the value of any improvements to the property resulting from their efforts and labor.
The record before this court, however, is insufficient to make a determination of the reimbursement due; therefore we remand the case to the trial court to accept such evidence. The trial court is directed to establish the expenditures made by the elder Smiths and to offset this amount, whether determined by agreement or sale, against the value of the immovable property.
For the foregoing reasons, the judgment of the trial court is reversed and remanded for disposition consistent with this opinion.
REVERSED AND REMANDED.